## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**Alonzo Freeman,**

*Plaintiff, pro se,*

**v.**

**Zachary Wilson,** *et al.,*

*Defendants.*

**Case No. 3:24-cv-246**
**Judge Thomas M. Rose**

---

**ENTRY AND ORDER GRANTING MOTION BY CHRISTOPHER D. ROBERTS TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 17), GRANTING MOTION BY ALISSA SCHRINER TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 20), GRANTING MOTION BY ALONZO FREEMAN, JR. FOR LEAVE TO FILE SUR-REPLY (DOC. 27), DISMISSING CLAIMS AGAINST CHRISTOPHER COLBERT AND ZACHARY WILSON FOR FAILURE TO PROSECUTE, FINDING MOOT MOTION BY ALONZO FREEMAN, JR. TO RECOGNIZE SERVICE BY PUBLICATION (DOC. 22), AND TERMINATING CASE.**

---

Plaintiff Alonzo Freeman, Jr. has filed an action bringing claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as claims for conspiracy, malicious prosecution, abuse of authority, and judicial misconduct for events that began with a traffic stop. Two Defendants therein, Judge Christopher Roberts and Dayton

Municipal Prosecutor Alissa Schriner, have filed motions to dismiss. (Docs. 17, 20.) Because Freeman's claims against Roberts and Schriner are barred by the *Rooker-Feldman* doctrine and also because they enjoy immunity from such claims, those Motions will be granted. Because Freeman has been warned that his other claims risk being dismissed if he does not perfect service, and he has not done so, his other claims will be dismissed as well.

## I.    Background

*Pro se* Plaintiff Alonzo Freeman, Jr. brings claims against Judge Christopher Roberts, Ohio State Highway Patrol Trooper Zachary Wilson, Ohio State Highway Patrol Sargeant Christopher Colbert, and Dayton Municipal Prosecutor Alissa Schriner. Freeman's claims stem from a traffic enforcement action in the Dayton Municipal Court – Case No. 2022-CRB-003076 – over which Judge Roberts presided. (Doc. 17-1, PageID 111-116.)[1] Freeman initiated the instant action on September 6, 2024, and filed an Amended Complaint on December 18, 2024 (Doc. 6.)

In his Amended Complaint, Freeman alleges that on September 6, 2022, he was pulled over by Wilson on Northbound I-75 for having unregistered plates. Wilson then asked for Freeman's driver's license, but Freeman could only produce a U.S. Passport. Wilson then requested that Freeman step out of the vehicle. When Freeman refused to exit the vehicle, he alleges that Wilson pulled him out of the vehicle through the window and handcuffed him. Freeman was taken into custody and subsequently charged in the Dayton Municipal Court with obstructing official business, resisting arrest, and failure to comply. (Doc. 6, PageID 30-37.)

Freeman appeared before Judge Roberts on September 20, 2022, for arraignment, and on October 7, 2022, for a trial on the merits. Freeman alleges that during the trial, Judge Roberts

---

[1] Courts may take judicial notice of facts appearing on a state court online docket. *See Lynch v. Leis*, 382 F. 3d 642, 647, n.5 (6th Cir. 2004).

improperly suppressed evidence and wrongfully convicted him without any evidentiary basis. Freeman was found guilty on the charges of obstructing official business and failure to comply. (*Id*.)

Freeman brings claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as claims for conspiracy, malicious prosecution, abuse of authority, and judicial misconduct. He seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (*Id*.)

On June 24, 2025, Roberts filed his Motion to Dismiss for Failure to State a Claim (Doc. 17.) On July 3, 2025, Schriner filed her Motion to Dismiss for Failure to State a Claim. (Doc. 20.) Freeman has replied to these. (Docs. 23, 25.) Roberts has replied (Doc. 24) as has Schriner. (Doc. 26.) Freeman filed a Motion for Leave to File Sur-Reply (Doc. 27), which is **GRANTED**, rendering the matter ripe for review.

## II. Standard

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)). Moreover, the purpose of the motion is to test the formal sufficiency of the statement of the claim for relief. *Id.* "[F]or the purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Further, the factual allegations must be enough to raise a right

to relief above the speculative level and must also do something more than merely create a suspicion of a legally cognizable right. *Id.* However, the Court is not bound to accept as true a legal conclusion couched as factual allegation or unwarranted factual inferences. *Id.* at 555; *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987); *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, only well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss. *Lillard v. Shelby County Bd. Of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).

It is well-settled that a document filed *pro se* is "to be liberally construed" and that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

Further, a case must be dismissed if a plaintiff fails to make proper service of process upon a party in each of the identities in which he is sued. Pursuant to Rule 12(b)(5), "a trial court, upon motion, may dismiss a complaint for failure to make proper service of process." *Vitek v. AIG Life Brokerage*, 2:06-CV-615, 2007 U.S. Dist. LEXIS 18814, 2007 WL 682431, at *2 (S.D. Ohio Feb. 27, 2007).

## III. Analysis

Roberts' and Schriner's motions assert that the instant action is barred by the *Rooker-Feldman* Doctrine, is barred by judicial and prosecutorial immunity and fails of want of service of process. (Docs. 17, 20.) Freeman's responses to these motions include a Motion to Recognize Service by Publication. (Doc. 22.) Because the *Rooker-Feldman* and immunity arguments prevail,

the Motion to Recognize Service by Publication will be found moot. The Court's analysis begins with the claims against Judge Roberts.

To the extent Freeman is challenging judicial determinations previously made by Judge Roberts, under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review Freeman's claims against Judge Roberts. "The *Rooker-Feldman* doctrine prevents a federal district from exercising jurisdiction over a claim alleging error in a state court decision. Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court [actors] acted unconstitutionally." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004) (internal citation omitted). "[T]he *Rooker-Feldman* doctrine...is confined to cases brought by state-court losers complaining of injuries cause[d] by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Freeman's Amended Complaint takes issue with Judge Roberts' decisions made in his state-court case. The *Rooker-Feldman* doctrine precludes the federal district court from evaluating such claims, premised on and intertwined with state court proceedings, even where the claims are couched in constitutional terms:

> The Sixth Circuit Court of Appeals has explained that under the *Rooker Feldman* doctrine, a federal district court lacks subject matter jurisdiction to...evaluate constitutional claims that are inextricably intertwined with a state court's decision rendered in a judicial proceeding. Further, the Sixth Circuit has stated that a party cannot escape *Rooker-Feldman* by raising a new constitutional theory in federal court unless the party lack[ed] a realistic opportunity to fully litigate the constitutional claim in the state court proceeding.

*Watterson v. Milligan*, 2:06-cv-809, 2006 U.S. Dist. LEXIS 72183 at *8-9 (S.D. Ohio, Oct. 3, 2006). The *Rooker-Feldman* doctrine applies to both interlocutory orders and judgments of lower state courts. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, n.5 (6th Cir. 2003).

Freeman's claims against Judge Roberts are entirely based on criticism of decisions made and orders entered in the trial court. Freeman's constitutional claims are inextricably intertwined with the Underlying Case, and he has not demonstrated that he lacked a meaningful opportunity to litigate those claims in the state courts.

While he styles his case as an independent action, it is essentially a quasi-appeal; it attempts to have this Court review the conduct of Judge Roberts and others and deem their conduct, and the Judge's decisions, improper. The only appropriate place to raise such contentions is in the Ohio appellate courts, not as a collateral attack in this Court. To the extent Freeman essentially seeks for this Court to apply appellate jurisdiction over the state court proceedings, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over this matter. Freeman's claims against Judge Roberts will thus be dismissed.

Additionally, Judge Roberts enjoys judicial immunity from civil liability. Judges are absolutely immune from individual liability for monetary relief for the performance of any judicial act unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *King v. Love*, 766 F.2d 962, 966-67 (6th Cir. 1985). This immunity will be lost only where a judge "knows he lacks jurisdiction or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction[.]" *Schorle v. Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981). Such far-reaching protection is justified by a "long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by

exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (quoting *Antoine v. Byers & Anderson*, 508 U.S. 429, 435 (1993)).

Judge Roberts' immunity can only be overcome in two situations: 1. If he was acting in the complete absence of all jurisdiction, or 2. If his challenged actions were non-judicial. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d at 1116. Freman alleges nothing that, if proven true, would overcome Roberts's immunity.

Plaintiff's allegations fair no better against Schriner. Plaintiff alleges prosecutorial misconduct in violation of the Fifth and Fourteenth Amendment, as well as of 42 U.S.C. § 1983. (Doc. 6.) Specifically, Plaintiff alleges that Schriner failed to dismiss the charges against Plaintiff and allowed the trial to proceed; and failed to object or intervene when the judge suppressed exonerating portions of a video. (*Id*., PageID 35.) As a result, Plaintiff was sentenced to 27 days in jail. (*Id*.) Plaintiff also alleges false arrest and unlawful detention against all four defendants, including Schriner. (*Id.*, at PageID 36.) Plaintiff alleges that his Fifth and Fourteenth Amendment rights were violated in addition to his civil rights under 42 U.S.C. § 1983 for collective abuse of authority, conspiracy, and malicious prosecution. (*Id*.) As this count relates to Schriner, Plaintiff alleges that Schriner failed to intervene or dismiss the charges. (*Id*.)

The *Rooker-Feldman* doctrine similarly bars Freeman's critique of Schriner's role in the prosecution of Plaintiff. In order for Freeman to prevail, this Court would have to disagree with the outcome in state court. *See Ewing v. O'Brien*, 115 F. App'x 780, 782 (6th Cir. 2004). Such criticisms should be brought in a state appeal of the municipal case as opposed to making allegations in federal court. (*Id.*) Therefore, to the extent that Plaintiff asks this Court to review or otherwise intervene in Schriner's conduct, such claims will be dismissed for lack of subject matter jurisdiction.

Schriner also enjoys immunity. The Eleventh Amendment immunizes states and their officers from a § 1983 suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A suit against an individual in their official capacity is a suit against the entity. *Pusey v. Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (quoting *Graham*, 473 U.S. at 159). A city prosecutor is protected by the Eleventh Amendment when the prosecutor prosecutes state criminal charges. *Pusey*, 11 F.3d at 657-58.

The three charges against Plaintiff consisted of: Ohio Revised Code § 2921.31(A) obstructing official business, Ohio Revised Code § 2921.33(A) resisting arrest, and Ohio Revised Code § 2921.331(A) failure to comply with orders or signals of an officer. These charges are all brought under Chapter 2921 of the Ohio Revised Code. (Doc. 17-1, PageID 111-116.) The Eleventh Amendment shields Schriner from suit in her official capacity arising out of prosecuting these three charges. Therefore, Plaintiff's claims against Schriner in her official capacity will be dismissed for failure to state claims upon which relief can be granted.

As for suing Schriner in her personal capacity, prosecutors are absolutely immune from monetary suits for "initiating a prosecution and in presenting the State's evidence." *Patton v. Haddox*, 2:10-cv-743, 2010 WL 4792616 * 3 (S.D. Ohio, Nov. 18, 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)) (internal quotation marks omitted). Absolute immunity for prosecutors is essential to keep from retrying the criminal offense in a new forum and burdening a prosecutor to defend decisions. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S., at 425-26). However, while the immunity is absolute, such immunity only applies for actions taken as "an officer of the court," instead of investigative or administrative tasks. *Goldstein*, 555 U.S., at 342 (quoting *Imbler*, 424 U.S., at 431, n.33) (internal quotation marks

omitted). Absolute immunity only applies to conduct that is "intimately associated with the judicial phase of the criminal process." *Goldstein*, 555 U.S. at 342-43 (quoting *Imbler*, 424 U.S., at 430).

Freeman alleges that Schriner failed to dismiss the charges against Plaintiff and allowed the trial to proceed; failed to object or intervene when the judge suppressed exonerating portions of a video; and engaged in collective abuse of authority, conspiracy, and malicious prosecution. The facts that Freeman allege all encompass Schriner's role as an officer of the court. There are no facts alleged to suggest that Schriner engaged with Plaintiff outside of her role as an officer of the court. Therefore, Schriner is absolutely immune in her personal capacity and Plaintiff's claims against Schriner in her personal capacity will be dismissed for failure to state claims upon which relief can be granted.

This brings the Court to Plaintiff's requests for declaratory relief and injunctive relief. Plaintiff listed as his entitlements declaratory relief "The Defendants violated [his] constitutional rights[]" and injunctive relief "To prevent future violations and ensure [his] safety[.]" However, Plaintiff is not entitled to the vague declaratory and injunctive relief that he seeks because the claims are precluded and not justiciable. Additionally, these claims for relief, to the extent that they are claims, fail to satisfy notice pleading.

Declaratory relief depends on "equitable considerations" and "the teachings and experience concerning the functions and extent of federal judicial power." *Green v. Mansour*, 474 U.S. 64, 72 (1985) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)) (quoting *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). Declaratory relief is not appropriate in the absence of claimed continuing violations of federal law. *Green*, 474 U.S. at 73; *see also Kanuszewski v. Michigan Dep't of Health and Hum. Servs.*, 927 F.3d 396, 408 (6th Cir. 2019). In *Green*, the Supreme Court determined that, in a dispute over the lawfulness of a party's past actions, the

appropriate remedy is monetary damages or restitution (subject to applicable considerations like the Eleventh Amendment). 474 U.S. at 73. Here, Plaintiff's requested relief includes declaratory relief for alleged violations of Plaintiff's constitutional rights. Declaratory relief is not appropriate for this type of claim. Plaintiff made no allegations that Schriner continually violates federal law against Plaintiff. Therefore, Plaintiff's request for declaratory relief will be dismissed.

Moreover, a court is only authorized to hear a case if it is justiciable. One consideration for justiciability is whether a litigant has standing to bring suit. As it relates to Plaintiff's request for injunctive relief, such a claim is not justiciable because Plaintiff lacks the standing to bring the claim. "Standing seeks to ensure the plaintiff has a 'personal stake in the outcome of the controversy' at the outset of litigation." *Sumpter v. Wayne County*, 868 F.3d 473, 490 (6th Cir. 2017) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). A plaintiff needs to demonstrate a concrete and particularized threat of suffering injury in fact and the threat needs to be actual and imminent. *Sumpter*, 868 F.3d at 491 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Past exposure without continuing violations does not establish a present case or controversy. *Sumpter*, 868 F.3d at 491. In the context of a plaintiff who interfaces with the criminal justice system, a court "can only speculate as to whether [the plaintiff] will ever [interface again]." *Sumpter*, 868 F.3d at 491. In the interim, the court "must assume that plaintiff 'will conduct [her] activities within the law and so avoid . . . exposure to the challenged course of conduct." *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)).

Plaintiff requested injunctive relief to prevent future violations and to ensure his safety. (Doc. 6.) Plaintiff's amended complaint alleges past conduct without mention of continued violations. Plaintiff's request for injunctive relief does not allege a concrete and particularized threat. Moreover, it is only speculation as to whether Plaintiff will interface with the criminal

justice system in the future and for the purpose of this case and allegations, it is assumed that his activities will be within the law and to avoid exposure with the challenged course of conduct. Therefore, Plaintiff lacks standing for injunctive relief and the request will be dismissed.

This leaves Plaintiff's claims against Colbert and Wilson. Plaintiff has previously been granted an extension to serve Defendants Colbert and Wilson until June 6, 2025 and was warned that failure to do so would result in dismissal. (Doc. 14, PageID 87.) Plaintiff's Motion for service by publication (Doc. 22) seeks only an extension of time to serve Roberts. (Doc. 22, PageID 135, 146.) As Plaintiff has failed to serve them, his claims against Colbert and Wilson will be dismissed.

## IV.    Conclusion

Motion by Alonzo Freeman, Jr. for Leave to File Sur-Reply (Doc. 27) is **GRANTED**. Because Freeman's claims against Roberts and Schriner are barred by the *Rooker-Feldman* doctrine and also because Roberts and Schriner enjoy immunity from such claims, Motion by Christopher D. Roberts to Dismiss for Failure to State a Claim (Doc. 17) is **GRANTED** and Motion by Alissa Schriner to Dismiss for Failure to State a Claim (Doc. 20) is **GRANTED**. Because Freeman has been warned that his other claims risk being dismissed if he does not perfect service, and he has not done so, Freman's claims against Christopher Colbert and Zachary Wilson are **DISMISSED**. Because the Court has granted Roberts' Motion to Dismiss, Motion by Alonzo Freeman, Jr. to Recognize Service by Publication (Doc. 22) is **MOOT**. All claims having been disposed of, the instant case is **TERMINATED** on the dockets of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 12, 2026.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE